(No. 11187.—Decree affirmed.)
JOHN S. RYLANDS, Appellant, *vs.* WALLACE G. CLARK *et al.*
Appellees.

*Opinion filed April 19, 1917.*

1. SANITARY DISTRICTS—*amended section 17 of the act erecting Sanitary District of Chicago is not invalid as a local or special law.* The act of June 25, 1915, (Laws of 1915, p. 392,) amending section 17 of the act creating the Sanitary District of Chicago and providing that the district shall build bridges where certain streets are intersected by the construction of its drainage canal, which bridges, if wholly within the limits of any municipality, shall be the property of such municipality, is not in violation of section 22 of article 4 of the constitution either as granting special privileges and immunities or as being within the inhibition of such section against the passage of local laws relating to roads or streets.

2. SAME—*amendment of section 17 of act creating the Sanitary District of Chicago does not deprive tax-payers of property without due process of law.* The amendment, in 1915, of section 17 of the act creating the Sanitary District of Chicago, providing that the district shall construct bridges over certain streets newly extended across its drainage canal, does not deprive either the district, or the tax-payers residing therein, of property without due process of law but merely apportions the cost of a public improvement between the two municipalities. (*Lussem* v. *Sanitary District,* 192 Ill. 404, followed.)

3. MUNICIPAL CORPORATIONS—*property of municipal corporation may be controlled by the legislature.* Municipal corporations are purely creatures of the legislative will and are subject to its control, and may be created or annulled at the pleasure of the body creating them and their property turned over to some other municipal corporation and their powers and duties conferred upon such other body.

APPEAL from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding.

OSCAR H. OLSEN, for appellant.

EDMUND D. ADCOCK, (JAMES M. SLATTERY, of counsel,) for appellees.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the court:

Appellant, John S. Rylands, filed his bill in chancery in the circuit court of Cook county in behalf of himself and all other tax-payers similarly situated, against appellees, the board of trustees of the Sanitary District of Chicago, to enjoin said trustees from expending the funds of the district in the erection of three bridges across the main channel of the sanitary district under the authority granted such trustees by the act of June 25, 1915, amending section 17 of the act of May 29, 1889, by which the sanitary district was created. The bill charges that appellant is a resident and tax-payer of the town of Cicero and a resident in the territorial and taxing limits of the sanitary district outside the territorial and taxing limits of the city of Chicago; that the trustees of the sanitary district have passed an order to prepare plans and specifications and advertise for bids for the bridges provided for in the act above referred to, viz., one on the line of Crawford avenue, (sometimes called Fortieth avenue,) in the city of Chicago, one on the line of Cicero avenue, (sometimes called Forty-eighth avenue,) which lies partly within the city of Chicago and partly in the township of Stickney, and one on the line of Harlem avenue, (sometimes called Seventy-second avenue;) that they intend to construct such bridges at a cost of approximately $800,000 from the corporate funds of the district, and to dedicate to the city of Chicago the land necessary to be used for approaches, roadways and sidewalks in connection with that part of the bridges within its corporate limits as authorized by said act, and alleges that said act is unconstitutional and void. Appellees answered, admitting that plans and specifications for such bridges had been prepared; that they intended to construct said bridges and that advertisements for bids for doing the work had been made and that they intended to expend the corporate funds of the district for such purposes; that they were about to,

and intended to, appropriate and dedicate to the respective municipalities referred to in the bill of complaint the land alleged without requiring any compensation to be paid therefor, as provided in the act of June 25, 1915, but denied that said act was unconstitutional. A replication was filed to the answer, and the cause was heard on the bill, answer, replication and a stipulation of facts with reference to existing bridges in the district and the physical condition of the lands in the vicinity where it was proposed the new bridges should be constructed. The trial court held the act valid and entered a decree dismissing the bill for want of equity. This appeal followed.

The only question involved is the constitutionality of the act of June 25, 1915, amending section 17 of the act as originally passed. As originally adopted, section 17 of the act (Hurd's Stat. 1913, p. 363,) provided that when it should be necessary to enter upon any public property or property held in trust for public use in making any improvement which the district was authorized to make, the district should have the power to do so and acquire the necessary right of way over such property, provided the public use should not be unnecessarily interrupted or interfered with and the property be restored to its former usefulness as soon as practicable. By the amendment adopted June 25, 1915, and in force July 1 of that year, the trustees of the district were further authorized to build suitable bridges, with approaches, roadways and sidewalks for public travel, across the main drainage channel on the line of Crawford avenue, (sometimes called Fortieth avenue,) in the city of Chicago, on the line of Cicero avenue, (sometimes called Forty-eighth avenue,) which lies partly in the city of Chicago and partly in the township of Stickney, and on the line of Harlem avenue, (sometimes called Seventy-second avenue,) all in the county of Cook, such bridges, with the approaches, roadways and sidewalks, to be maintained in good order for public travel by such district at

the corporate expense. The act further provided that no compensation should be required for its lands .necessarily taken to form part of the street or highway to afford access to any such bridge or bridges, and that if any such bridges, with the approaches, roadways and sidewalks, should lie wholly within the territorial limits of any municipality, the same should be turned over to its corporate authorities free of cost and become its property and be maintained in good order for public travel by such municipality. (Laws of 1915, p. 392.)

The objections urged to the law are, that it is a local or special law within the purview of section 22 of article 4 of the constitution, prohibiting the granting to any corporation, association or individual any special or exclusive privilege, immunity or franchise, and also prohibiting the laying out, opening, altering and working or vacating any road, town plat, street, alley or public grounds by local or special law; also that it violates section 1 of the fourteenth amendment to the constitution of the United States and section 2 of article 2 of the constitution of this State, in that it deprives both appellant and the sanitary district of their property without due process of law.

In *Lussem* v. *Sanitary District,* 192 Ill. 404, we held that under the provisions of section 17 of the original act the sanitary district had the authority to issue bonds to raise funds for the purpose of replacing bridges which were rendered unfit for public use by reason of the widening of the Chicago river in the construction of the main channel, and that there was nothing inequitable or unjust in thus requiring the district to replace such bridges so rendered worthless by new ones. When new bridges were thus constructed and the public property restored to its condition of former usefulness, the new bridges, although constructed by the sanitary district, nevertheless became the property of the municipality whose bridges were destroyed in the course of the construction of such improvement. The val-

idity of these provisions of the act is not questioned, their justice and equity being seemingly admitted. We think the same may be said of the present act. When a new bridge is constructed under its provisions the same consequence follows as when an old bridge was replaced by a new one under the former act, and the same reason for sustaining its validity is present in each case. In each instance it is the construction of the drainage canal that creates the necessity for the new bridges: in the one case to replace the old ones destroyed, and in the other to connect those portions of the streets intersected by the canal where no bridge was required before. But for the organization of the sanitary district and the construction of the main channel there would have been no bridges to replace over water-courses used by the channel and no new ones to construct in case public exigencies required the laying out or opening of new roads or streets across such channel. By its construction the necessity for new bridges at these points is created, and it is but just and equitable that the sanitary district should bear the just portion of the additional burdens placed upon the other municipalities at its instance and by its creation. In any event, the legislature would have the undoubted right to provide by law that this should be done. The present act attempts to do no more than this and to make a just and equitable distribution of such burdens between the sanitary district and the municipalities otherwise charged with the cost of opening the roads and streets in question and building necessary bridges. It in no sense confers any special privilege, immunity or franchise upon either municipality, but, on the contrary, in effect imposes a burden upon both, and therefore cannot be said to violate the provisions of the constitution referred to. We do not think the first objection is well taken.

As to the contention that it is a local act, providing for the opening, widening or vacating of a public street, town plat, etc., the act does not in any manner provide for the

opening, widening or vacating of any street or for the vacating of any public property. On the contrary, it merely. provides for the restoring of the portions of the proposed streets which are occupied by its main channel to the public use and for the bearing of the burden of connecting the portions of such streets as are intersected by such channel. It therefore cannot be said to be obnoxious to the provision of the constitution above referred to. While the law is local and special in that it provides for the construction of bridges at certain places designated therein, it is not rendered invalid for that reason, alone. We have frequently held that drainage districts and sanitary districts are not within the inhibition of the section of the constitution referred to. *Owners of Lands* v. *People,* 113 Ill. 296; *Wilson* v. *Board of Trustees,* 133 id. 443; *People* v. *Bowman,* 247 id. 276; *Herschbach* v. *Kaskaskia Island Sanitary District,* 265 id. 388.

It is next insisted that appellant and the sanitary district are deprived of property without due process of law. This contention is based upon the proposition that the funds of the sanitary district which are raised by taxation on the taxable property of the district, including appellant's property, will be taxed to raise funds for the construction of such bridges, and also that certain of its property, including the necessary approaches to the bridges, will be dedicated to the city of Chicago, and that by the construction of the bridges certain valuable dock property owned by the district will be destroyed. If all of this be conceded, it is difficult to see how appellant and the sanitary district will be deprived of property without due process of law. Appellant has no vested rights in the property of the sanitary district or to have such corporation continue in existence. The law is well settled that municipal corporations are purely creatures of the legislative will and subject to its control, and may be created or annulled at the pleasure of the body creating them and their property turned over to

some other municipal corporation and their powers and duties conferred upon such other body. By section 22 of the original act creating the sanitary district it was provided that nothing in said act contained should be so construed as to prevent, debar or deprive the State of Illinois from at any time in the future altering, amending or repealing the act or imposing any conditions, restrictions or requirements other, different or additional to any therein contained. Taking this section in connection with section 17 as it was prior to the amendment in question and construing the two sections together as section 17 is amended, it is clear that the legislature, by the amendment in question, was merely providing for bridges, in case of the extension of necessary streets and roads in the territory traversed by the channel of the sanitary district, where none existed when the channel was constructed. The section could as well have been originally enacted in the form it was after the amendment, and it would seem that if the legislature could lawfully provide that existing bridges destroyed by reason of the construction of the channel should be restored at the expense of the district, as we held it could in *Lussem* v. *Sanitary District, supra,* it could also provide, as it has by the amendment in question, that the district should pay for the bridges, approaches, etc., necessary in opening new roads or streets. It is not a case of depriving an owner of property without due process of law but of justly apportioning the cost of a public improvement. For these reasons, as well as those given in support of the first proposition, we are of the opinion that this contention of appellant is not well taken.

Finding no reversible error in the decree of the lower court the same will be affirmed.       *Decree affirmed.*